**LaMonica Herbst & Maniscalco, LLP**  Hearing Date: September 20, 2016 at 11:30 a.m.
3305 Jerusalem Avenue, Suite 201  Objections Due: September 13, 2016 at 5:00 p.m.
Wantagh, New York 11793
(516) 826-6500
Gary F. Herbst, Esq.
Rachel P. Stoian, Esq.
Counsel for Gregory Messer, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:                                                                                    Chapter 7

GINA LAFORTE,                                                                 Case No. 14-42711-NHL

                    Debtor.
-----------------------------------------------------------------x

### NOTICE OF HEARING ON MOTION OF CHAPTER 7 TRUSTEE, PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019(a), SEEKING APPROVAL OF STIPULATION BY AND BETWEEN CHAPTER 7 TRUSTEE AND BANK OF AMERICA, N.A., AVOIDING MORTGAGE AND ALLOWING LATE-FILED CLAIM

**PLEASE TAKE NOTICE,** that on **September 20, 2016 at 11:30 a.m.,** or as soon thereafter as counsel may be heard, a hearing shall be held before the Honorable Nancy Hershey Lord, United States Bankruptcy Judge, Eastern District of New York, at 271 Cadman Plaza East, Brooklyn, New York 11201, Room 2529, on the motion (the "Motion") of Gregory Messer (the "Trustee"), Chapter 7 Trustee of the estate of Gina LaForte (the "Debtor"), by his counsel, LaMonica Herbst & Maniscalco, LLP, seeking entry of an Order, pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving the stipulation by and between the Trustee an Bank of America, N.A. (the "Stipulation"), a copy of which is annexed to the Motion as Exhibit "A", and granting such other, further, and different relief as this Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE,** that objections to the relief requested in the Motion, if any, must be in writing, conform with the Bankruptcy Code and the Bankruptcy Rules, state with particularity the grounds therefor, and be filed with the Court, with a courtesy

copy to the Chambers of the Honorable Nancy Hershey Lord, United States Bankruptcy Judge, and served upon, so as to be received by, LaMonica Herbst & Maniscalco, LLP, the attorneys for the Trustee, Attn: Joseph S. Maniscalco, Esq., no later than **September 13, 2016 by 5:00 p.m.** as follows: (a) through the Court's electronic filing system, which may be accessed through the internet at the Court's website at [www.nyeb.uscourts.gov](www.nyeb.uscourts.gov), and in portable document format (PDF) using Adobe Exchange Software for conversion; or (b) if a party is unavailable to file electronically, such party shall submit the objection in PDF format on a compact disc in an envelope with the case name, case number, type and title of document, document number to which the objection refers and the file name on the outside of the envelope.

**PLEASE TAKE FURTHER NOTICE,** that the hearing on the Motion may be adjourned from time to time without any other announcement other than that set forth in open Court.

Dated: August 10, 2016
      Wantagh, New York

                              **LaMonica Herbst & Maniscalco, LLP**
                              Counsel to Gregory Messer, as Chapter 7 Trustee

By:    *s/Gary F. Herbst*
          Gary F. Herbst, Esq.
          A Member of the Firm
          3305 Jerusalem Avenue, Suite 201
          Wantagh, New York 11793
          (516) 826-6500

**LaMonica Herbst & Maniscalco, LLP**  Hearing Date: September 20, 2016 at 11:30 a.m.
3305 Jerusalem Avenue, Suite 201  Objections Due: September 13, 2016 at 5:00 p.m.
Wantagh, New York 11793
(516) 826-6500
Gary F. Herbst, Esq.
Rachel P. Stoian, Esq.
Counsel for Gregory Messer, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:                                             Chapter 7

GINA LAFORTE,                                      Case No. 14-42711-NHL

                Debtor.
-----------------------------------------------------------------x

**MOTION OF CHAPTER 7 TRUSTEE, PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019(a), SEEKING APPROVAL OF STIPULATION BY AND BETWEEN CHAPTER 7 TRUSTEE AND BANK OF AMERICA, N.A., AVOIDING MORTGAGE AND ALLOWING LATE-FILED CLAIM**

**TO:    THE HONORABLE NANCY HERSHEY LORD**
          **UNITED STATES BANKRUPTCY JUDGE**

Gregory Messer (the "Trustee"), as Chapter 7 Trustee of the estate of Gina LaForte (the "Debtor"), by his counsel, LaMonica Herbst & Maniscalco, LLP, submits this motion (the "Motion") seeking entry of an Order, pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving the stipulation by and between the Trustee and Bank of America, N.A. (the "Stipulation"), a copy of which is annexed hereto as Exhibit "A", and granting such other, further, and different relief as this Court deems just and proper, and respectfully represents as follows:

**PRELIMINARY STATEMENT**

1.    By this Motion, the Trustee seeks approval of the Stipulation as being fair and reasonable, and in the best interests of the bankruptcy estate. The Stipulation resolves the substantial claim of Bank of American, N.A. ("BOA") against the Debtor's estate and property

of such estate. As will be addressed in greater detail below, BOA holds a note and mortgage executed by the Debtor and relating to the real property known as, and located at, 245 Valley Woods Road, Bolton Landing, New York 12814 (the "Real Property"). The Real Property is currently subject of an adversary proceeding before this Court in which the Trustee is seeking, among other things, to avoid the Debtor's transfer of the Real Property to John LaForte (the "Adversary Proceeding"). In the event the Trustee successfully avoids the transfer of the Real Property in the Adversary Proceeding, he will seek to sell the Real Property for the benefit of the Debtor's estate. Although BOA failed to properly record its mortgage with respect to the Real Property, absent the Trustee's avoidance of such mortgage, BOA would have the right to do so under New York Law, and such prospect would likely depress the value obtained by the Trustee for the Real Property. Moreover, BOA does have a valid claim against the Debtor as a result of the note executed by the Debtor. Such claim was not timely filed by BOA. Under the Stipulation, BOA has agreed to the avoidance of its mortgage in exchange for the allowance of its claim against the Debtor as a late-filed claim entitled to distribution pursuant to section 726(a)(2)(C) of Title 11 of the United States Code (the "Bankruptcy Code").

2.  The Trustee believes that the resolution of BOA's claim pursuant to the terms of the Stipulation is an appropriate exercise of his business judgment and falls well above the lowest point in the range of reasonableness. For these reasons, and those set forth below, the Trustee respectfully requests that this Court authorize and approve the Stipulation.

### JURISDICTION AND VENUE

3.  This Court has jurisdiction over this bankruptcy case and the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

4.     Venue of this bankruptcy case is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

5.     The statutory predicate for the relief sought herein is Bankruptcy Rule 9019(a).

## BACKGROUND

6.     On May 28, 2014 (the "Filing Date"), Gina LaForte (the "Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York (the "Court").

7.     By Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines dated May 29, 2014, Gregory Messer (the "Trustee") was appointed the interim Chapter 7 Trustee of the Debtor's estate and has since duly qualified and is the permanent Chapter 7 Trustee.

8.     By notice dated July 9, 2014, the deadline for filing proofs of claim against the Debtor's estate was established as October 7, 2014.

**A.     The Real Property**

9.     On or about July 7, 2004, the Debtor obtained title to the Real Property.

10.     On or about January 4, 2008, the Debtor executed a Note in the amount of $184,500.00 in favor of Countrywide Bank, FSB ("Countrywide"), to be secured by the Real Property (the "Countrywide Note").

11.     A mortgage, dated January 4, 2008, was prepared with respect to the Countrywide Note (the "Countrywide Mortgage"), but such mortgage was never executed by the Debtor and was never recorded against the Real Property.

12.     On or about February 23, 2012, the Debtor executed a Loan Modification Agreement with BOA by which the Countrywide Note, which had been assigned to BOA as a

result of its acquisition of Countrywide (the "BOA Note"), and the Countrywide Mortgage, which had similarly been assigned to BOA (the "BOA Mortgage"), were amended and supplemented.

13. The BOA Mortgage was never recorded against the Real Property.

14. By quitclaim deed dated March 22, 2012, and recorded May 14, 2012, the Debtor transferred the Real Property to John LaForte (the "Real Property Transfer").

15. The Debtor did not assign the BOA Note or BOA Mortgage as part of the Real Property Transfer, but rather remained the sole obligor with respect to both.

16. On October 3, 2014, the Trustee commenced the Adversary Proceeding against John LaForte by which he sought, among other things, to avoid the Real Property Transfer as a fraudulent transfer and to direct turnover of the Real Property to the Debtor's estate.

17. On July 20, 2016, BOA filed proof of claim no. 9 against the Debtor's bankruptcy estate (the "Claim") by which BOA asserted a claim in the amount of $192,600.90. The Claim was not timely filed.

18. The Trustee believes the Real Property has a fair market value of approximately $300,000.

**B.     The Stipulation**

19. The Trustee and BOA (the "Parties"), through counsel, engaged in discussions and negotiations with respect to their respective interests in and to the Real Property and BOA's claim against the Debtor's estate.

20. Based upon these discussions and negotiations, the Parties agreed to resolve BOA's interest in the Real Property and the Claim pursuant to the terms and conditions set forth

in the Stipulation. A copy of the Stipulation is annexed hereto as Exhibit "A". Reference is made to the Stipulation for its full terms and conditions which will be briefly described below.

21. Under the Stipulation, to the extent the Trustee obtains a judgment in the Adversary Proceeding directed the Real Property to be turned over to the estate, the BOA Mortgage shall be deemed avoided pursuant to Bankruptcy Code § 544(a)(3).

22. The Stipulation further provides that the Claim shall be allowed as a late-filed general unsecured claim and entitled to a distribution from the estate pursuant to Bankruptcy Code § 726(a)(2)(C).

## APPROVAL OF THE STIPULATION IS WARRANTED

23. By this Motion, the Trustee seeks approval, pursuant to Bankruptcy Rule 9019(a), of the Stipulation as being fair and equitable, and in the best interests of the Debtor's bankruptcy estate. The Trustee submits that the terms of the Stipulation exceed the lowest level of reasonableness and urges this Court to approve the Stipulation.

24. Bankruptcy Rule 9019(a) applies to the approval of compromises and settlements and provides that, "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." FED. R. BANKR. P. 9019(a). In deciding whether to approve a settlement, a bankruptcy court must determine that it is "fair, reasonable and adequately based on the facts and circumstances before the court." In re Rosenberg, 419 B.R. 532, 535 (Bankr. E.D.N.Y. 2009) (internal quotation omitted). In making this assessment, the "court must determine whether the settlement is in the best interests of the estate and whether it is 'fair and equitable.'" Id. at 536 (quoting Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968)).

25. Courts in the Second Circuit consider such facts as: (a) the likelihood of success in the litigation compared to the present and future benefits offered by the settlement; (b) the prospect of protracted litigation if the settlement is not approved, as well as the related expense, inconvenience and delay, including potential difficulty in collecting on the judgment; (c) "the paramount interests of the creditors" and the degree to which creditors support the settlement; (d) "whether the parties in interest support the settlement;" and, (e) whether the settlement was the result of arms' length bargaining. Motorola, Inc. v. Official Comm. of Unsecured Creditors (In re Iridium Operating LLC), 478 F.3d 452, 462 (2d Cir. 2007) (citations omitted); see In re Rosenberg, 419 B.R. at 536–37 (quoting Motorola v. Official Comm., 478 F.2d at 462).

26. In assessing whether a settlement should be approved, the "court's responsibility is to 'canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness.'" In re Purofied Down Prods. Corp., 150 B.R. 519, 522 (S.D.N.Y. 1993) (quoting Cosoff v. Rodman (In re W.T. Grant Co.), 699 F.2d 599, 608 (2d Cir. 1983)). A focus on the substantive issues is appropriate, but the court need only canvass the issues and is not required to conduct a mini trial. Id. (citations omitted). "The applicable standards encourage courts to approve settlements in bankruptcy proceedings and related actions." Id. at 523; see In re Rosenberg, 419 B.R. at 536 (observing that it is well established that "settlements or compromises are favored in bankruptcy and, in fact, encouraged" (quotation and citation omitted)).

27. Here, the terms of the Stipulation are fair and reasonable and far exceed the lowest level of reasonableness. The Stipulation ensures that in the event the Trustee is successfully able to avoid the Real Property Transfer and have title to the Real Property transferred to the estate, he will be able to obtain the highest and best value for such property for

6

the benefit of the estate. Indeed, while BOA may have neglected to record the BOA Mortgage, under New York Law, the BOA Mortgage remains valid as between BOA and the Debtor. See Sovereign Bank v. Strother, 1:11-CV-122 (LEK), 2013 U.S. Dist. LEXIS 89527, at *3 (N.D.N.Y. June 26, 2013) (concluding unrecorded mortgage was valid and enforceable as between debtors and lender (citations omitted)); Wallach v. Broshnahan (In re Broshnahan), 312 B.R. 220, 223 (Bankr. W.D.N.Y. 2004) ("Under New York Real Property Law § 291, an unrecorded mortgage is valid as between the mortgagor and mortgagee, but is otherwise void as against a bona fide purchaser who first records its interest."). Accordingly, the possibility that BOA could record the BOA Mortgage could depress the value obtained by the Trustee for the Real Property.

28.     The Trustee has the power to avoid the BOA Mortgage pursuant to Bankruptcy Code § 544(a)(3). See Sovereign Bank v. Strother, 2013 U.S. Dist. LEXIS 89527, at *3; Wallace v. Broshnahan, 312 B.R. at 223. Doing so, however, would require commencement of a formal adversary proceeding against BOA. See FED. R. BANKR. P. 7001(2). The Stipulation obviates the need for the estate to incur the costs, risks, and time associated with commencing a formal adversary proceeding, engaging in motion practice, completing discovery, and trying the case before this Court.

29.     In exchange for avoiding the BOA Mortgage pursuant to Bankruptcy Code § 544(a)(3), the Claim shall be treated as an allowed general unsecured late-filed claim entitled to distribution from the estate pursuant to Bankruptcy Code § 726(a)(2)(C). Other than the Claim, the Trustee estimates that there are approximately $30,000 in general unsecured claims against

the estate.[1] The Real Property has a fair market value of approximately $300,000. Accordingly, in the event the Trustee does successfully avoid the Real Property Transfer and sell the Real Property for the benefit of the estate, the Trustee believes that there will be sufficient proceeds to pay all timely filed allowed claims and administrative expenses in full, with funds leftover to make a distribution on account of the Claim pursuant to Bankruptcy Code § 726(a)(2)(C).

30. The Trustee submits that the resolution achieved by the Stipulation is fair and reasonable, and should be approved by this Court. The Trustee exercised his sound business judgment in concluding that resolving BOA's interest in the Real Property and the estate in accordance with the terms and conditions set forth in the Stipulation was in the best interests of the Debtor's estate.

31. The Trustee will serve the Notice of Hearing, Motion, and Stipulation by regular mail upon: (a) the Office of the United States Trustee; (b) the Debtor, through counsel; (c) BOA, through counsel; (d) any party in interest that has served a request for special notice or a notice of appearance pursuant to Bankruptcy Rule 2002; (e) applicable taxing authorities; and (f) all of the creditors listed on the Debtor's schedules and all creditors who have filed proofs of claim.

32. Based upon the foregoing, the Trustee respectfully requests that the Court authorize and approve the Agreement pursuant to Bankruptcy Rule 9019(a).

33. No prior application for the relief sought herein has been made to this or any other court.

---

[1] As of the date of this Motion, there is a proof of claim in the amount of $125,000 (claim no. 8) which the Trustee is presently negotiating to have withdrawn. In the event those negotiations are not successful, the Trustee will seek to disallow such claim. With respect to the remaining proofs of claim, the Trustee expressly reserves the right to object to the nature, extent, validity, and classification of all such claims.

**WHEREFORE,** for the reasons set forth above, the Trustee respectfully requests that this Court authorize and approve the Stipulation pursuant to Bankruptcy Rule 9019(a) and grant such other, further, and different relief as this Court deems just and proper.

Dated: August 10, 2016
      Wantagh, New York

                              **LaMonica Herbst & Maniscalco, LLP**
                              Counsel to Gregory Messer, as Chapter 7 Trustee

                By:    *s/Gary F. Herbst*
                          Gary F. Herbst, Esq.
                          A Member of the Firm
                          3305 Jerusalem Avenue, Suite 201
                          Wantagh, New York 11793
                          (516) 826-6500

*M:\Documents\Company\Cases\LaForte, Gina\BOA Settlement\9019 Motion w NOH.doc*