UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:

|                                    |                            |
|------------------------------------|----------------------------|
|                                    | Chapter 7                  |
| GINA LAFORTE,                      | Case No. 1-14-42711-nhl    |
|                                    |                            |
|         Debtor. |                            |

---------------------------------------------------------------x

**ORDER CONFIRMING SALE OF THE REAL PROPERTY KNOWN AS, AND
LOCATED AT, 245 VALLEY WOODS ROAD, BOLTON LANDING, NEW YORK
12814, TO ROY S. MATHEW, FREE AND CLEAR OF ALL LIENS, CLAIMS AND
ENCUMBRANCES, WITH SUCH LIENS, CLAIMS AND ENCUMBRANCES TO
<u>ATTACH TO PROCEEDS OF SALE</u>**

Upon the motion (the "Motion")[1] [Doc. No. 55] of Gregory Messer, the Chapter 7 Trustee

(the "Trustee") of the estate of Gina LaForte (the "Debtor"), by his counsel, LaMonica Herbst &

Maniscalco, LLP, seeking: (a) entry of a scheduling order shortening notice and scheduling a

hearing on the Motion; and (b) entry of an Order, pursuant to section 105(a), 363, and 704 of Title

11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004, and 9006 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"): (i) authorizing the Trustee and

his professionals to take possession of the real property known as, and located at, 245 Valley

Woods Road, Bolton Landing, New York 12814, Tax Map # 156.00-1-46 (the "Real Property");

(ii) authorizing the public auction sale of the Real Property to the highest and best bidder, free and

clear of all liens, claims, and encumbrances (the "Liens"), if any, with such Liens to attach to the

proceeds of sale in the same priority as they existed on the date the Debtor filed for bankruptcy;

(iii) approving bidding procedures for the Real Property (the "Bidding Procedures"); and (iv)

granting such other, further, and different relief as this Court deems just and proper; and upon the

affirmation of Gary F. Herbst, Esq., pursuant to Local Bankruptcy Rule 9077-1(c); and upon the

---

[1] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

Order, dated April 28, 2017, scheduling a hearing on shortened notice (the "Scheduling Order") [Doc. No. 57]; and upon the affidavit of service of the Motion and the Scheduling Order in accordance with the Scheduling Order [Doc. No. 58]; and no opposition to the relief requested in the Motion having been filed; and upon the record of the hearing held before this Court on May 10, 2017 at 2:30 p.m., the transcript of which is incorporated herein by reference; and

Upon the Order, dated May 20, 2017, (i) authorizing the Trustee to take possession of the Real Property; (ii) authorizing the public auction sale of the Real Property free and clear of all Liens; and (iii) approving Bidding Procedures (the "Bid Procedures Order") [Doc. No. 59]; and upon the affidavit of service of the Bid Procedures Order in accordance with the Bid Procedures Order [Doc. No. 61]; and upon the Notice of Sale filed on May 22, 2017 [Doc. No. 60]; and upon the Affidavit of Service of the Notice of Sale [Doc. No. 62]; and the Trustee's broker having conducted the auction sale of the Real Property on June 15, 2017 at 11:00 a.m. at the New York LaGuardia Airport Marriott Hotel, 102-05 Ditmars Boulevard, East Elmhurst, New York 11369 (the "Auction Sale"); and upon the bid of Roy S. Mathew (the "Purchaser") of $190,000.00 (the "Purchase Price") being the highest and best bid received for the Real Property at the Auction Sale; and upon the record of the hearing held before this Court on June 15, 2017 at 4:30 p.m. (the "Hearing"), the transcript of which is incorporated herein by reference; and after due deliberation and consideration of all of the facts relevant to the matter; and cause existing for the relief requested, and for the reasons stated by the Court at the hearings;

**THE COURT FINDS AND DETERMINES THAT:**

A.    The Court has subject matter jurisdiction over the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28

2

U.S.C. § 157(b)(2)(A) and (N). Venue in this district is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B.      Proper, timely, adequate and sufficient notice of the Motion and Auction Sale was provided in accordance with Bankruptcy Code §§ 102, 363(b) and (f), and Bankruptcy Rules 2002, 4001 and 6004. A reasonable opportunity to object or be heard regarding the relief requested in the Motion was afforded to all interested persons and entities. The Motion and Notice of Sale were duly and properly served on all required persons and entities.

C.      The Trustee conducted a fair and open sale process; the sale process was non-collusive, duly noticed, and provided a full, fair, and reasonable opportunity for any entity to make an offer to purchase the Real Property; and the process conducted by the Trustee pursuant to the Bid Procedures Order obtained the highest and best value for the Real Property.

D.      The Purchaser was the successful bidder for Real Property at the Auction Sale.

E.      The Trustee has demonstrated that the sale of Real Property to the Purchaser for the Purchase Price is a reasonable exercise of the Trustee's business judgment.

F.      Purchaser is making its purchase of the Real Property at arms' length and in good faith within the meaning of Bankruptcy Code § 363(m) and (n).

**NOW, THEREFORE, IT IS HEREBY**

**ORDERED**, that, pursuant to Bankruptcy Code § 363(b), (f), and (m), the Trustee is authorized and empowered to sell and transfer the Real Property to the Purchaser (or to a designee of the Purchaser approved by the Trustee) for the Purchase Price in accordance with the Bidding Procedures; and, it is further

**ORDERED**, that, in accordance with the Bidding Procedures, the Purchaser is required to pay the balance of the Purchase Price to the Trustee upon the closing of sale; and, it is further

3

**ORDERED**, that, in accordance with the Bidding Procedures, the Real Property shall be sold and transferred to the Purchaser "AS IS", "WHERE IS", "WITH ALL FAULTS", without any representations, covenants, guarantees, or warranties of any kind or nature whatsoever, and free and clear of any and all liens, claims, encumbrances, interests, or adverse claims to title, of whatever kind or nature whatsoever (collectively, the "Liens"), with all such Liens attaching to the sale proceeds in the same amount and with the same validity, extent and priority as they had in the Real Property prior to the bankruptcy filing; and, it is further

**ORDERED**, that, the Purchaser is a good faith purchaser of the Real Property and is hereby granted and is entitled to all of the protections provided to a good faith purchaser under Bankruptcy Code § 363(m); and, it is further

**ORDERED**, that, pursuant to Bankruptcy Code § 363(m), if any or all of the provisions of this Order are hereafter reversed, modified, or vacated by a subsequent order of the Bankruptcy Court, or any other court, such reversal, modification, or vacatur shall not affect the validity and enforceability of any sale, transfer, assignment, obligation, or right granted pursuant to the terms of this Order (unless stayed pending appeal), and notwithstanding any reversal, modification, or vacatur, any sale, transfer, or assignment shall be governed in all respects by the original provisions of this Order with the same to attach to the proceeds thereof pursuant to Bankruptcy Code § 363; and, it is further

**ORDERED**, that, in the event the Purchaser, or its designee, fails to close on the sale of the Real Property in accordance with the Bidding Procedures and this Order, then the Trustee is entitled to retain the Purchaser's deposit and buyer's premium as liquidated damages, in addition to any other remedy allowable under the Bidding Procedures and this Order; and, it is further

4

**ORDERED**, that, the Trustee is authorized and empowered to execute such documents, enter into, and to take such actions as are necessary to implement the terms and conditions of this Order and to effectuate the sale of the Real Property to the Purchaser, including, without limitation, to pay and satisfy, after the closing, from the proceeds of sale, once the funds have cleared the Trustee's account any costs incidental to the sale, and the normal and customary closing costs; and, it is further

**ORDERED**, that, the notice of pendency filed by Bruce Carr, Esq. ("Carr") with the Warren County Clerk on or about September 29, 2014 in book 67, page 295, with respect to the Real Property as a result of certain claims asserted by Carr against the Debtor and John LaForte in a certain action styled *Joseph LaForte and 4961 Lake Shore Drive, LLC v. Gina LaForte and Bruce Carr v. Gina LaForte and John LaForte*, and commenced in Supreme Court of the State of New York, County of Warren, Index No. 56933/2012, is null and void and of no further force or effect; and, it is further

**ORDERED**, that, the fourteen-day stay provided for in Bankruptcy Rules 6004(h) and 6006(d) shall not be in effect and, pursuant to Bankruptcy Rule 7062, this Order shall be effective and enforceable immediately upon entry; and, it is further

**ORDERED**, that each and every federal, state, and local governmental agency or department is hereby directed to accept any and all documents necessary and appropriate to consummate the sale of the Real Property outlined herein, and a copy of this Order may be filed in any place where federal, state, or local law permits filing or recording; and, it is further

**ORDERED,** that, this Court shall retain jurisdiction to: (i) interpret and construe and enforce the provisions of this Order and any ancillary documents in connection therewith; (ii) hear and determine any and all disputes arising under or related to the foregoing; and (iii) enforce the provision of this Order.



**Dated: June 19, 2017**
**Brooklyn, New York**

**Nancy Hershey Lord**
**United States Bankruptcy Judge**